925 F.2d 1478
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Louis A. WESSELHOFT, Petitioner.
 Misc. No. 292.
 United States Court of Appeals, Federal Circuit.
 Dec. 14, 1990.
 
 ORDER
 ARCHER, Circuit Judge.
 
 
 1
 Louis A. Wesselhoft petitions for writ of mandamus to direct the Merit Systems Protection Board to rule on the Department of Interior's pending petition for review or, in the alternative, to direct the MSPB to pay Wesselhoft $19,999.99 as partial interim attorney fees. The Department of the Interior opposes the petition. The MSPB opposes the petition.
 
 
 2
 Briefly, Wesselhoft appealed an adverse action to the MSPB. Before the hearing was held, the parties entered into a settlement agreement. The parties agreed, in part, to pay $40,000 in attorneys fees and costs to Wesselhoft's attorneys. The administrative judge made the settlement part of the record and, on April 12, 1989, dismissed the case.
 
 
 3
 Interior petitioned the MSPB for review of the initial decision arguing that the agency's attorney was without authority to authorize payment of attorney fees of $20,000 or more. The MSPB has not acted on Interior's petition, which has been pending nearly 20 months.
 
 
 4
 Here, Wesselhoft urges us to compel the MSPB to act on Interior's petition or, in the alternative, to pay an interim award of attorney fees of $19,999. Interior and the MSPB argue that we lack jurisdiction over the petition because Wesselhoft's appeal to the MSPB included a discrimination claim or, if we have jurisdiction, that the matter is not appropriate for mandamus.
 
 
 5
 We disagree with Interior and the MSPB regarding our jurisdiction. The only MSPB decision issued in this case dismissed the appeal based on the parties' settlement agreement; the MSPB decision did not involve a claim of discrimination. See Ballentine v. MSPB, 738 F.2d 1244 (Fed.Cir.1984); Hopkins v. MSPB, 725 F.2d 1368 (Fed.Cir.1983). Accordingly, we have jurisdiction at this time to address Wesselhoft's mandamus petition.
 
 
 6
 Mandamus is an extraordinary remedy, reserved for extraordinary situations. Gulfstream Aerospace Corp. v. Mayacamas Corp., 108 S.Ct. 1133, 1143 (1988). In a situation like this, the D.C. Circuit has held that mandamus is warranted only when agency delay is egregious. In Re Monroe Communications Corp., 840 F.2d 942, 945 (D.C.Cir.1988). The reasonableness of a delay depends in part on the potential impact of the matter in question on other agency activities, as well as the nature of the interest involved. Monroe, 840 F.2d at 945. If the interest affects health or welfare, it warrants greater attention.
 
 
 7
 Here, however, the interest is commercial and does not implicate human health or welfare. Hence, the need to protect the interest through mandamus is lessened. Further, Wessellhoft has not addressed the impact of the matter on agency activities. While, we are concerned with the lengthy delay that has occurred, on the record before us we cannot say, at this time, that the delay has been unreasonable. If the Board does not act promptly, however, the situation may change.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 Wesselhoft's petition is denied.